WILLIAM WRIGHT AND OTHERS V. WILLIAM S. RAGLAND.

Where the petition alleged that the plaintiffs and defendant were non-residents of this State, but that the defendant had property in the county where the suit was commenced, it was held that the allegation as to the defendant's property was of a jurisdictional fact, which it was not necessary the plaintiffs should verify by affidavit, in order to obtain an attachment; that the separate affidavit of the non-residence of the defendant, that the claim was just, stating the amount due, and that the attachment was not sued out to injure or harrass the defendant, was sufficient.

In a suit against the maker of drafts drawn in Mississippi on merchants in "Mobile, Ala.," where the rate of interest of neither of said States was alleged, but it was alleged that the defendant was indebted to plaintiffs in a certain amount (the principal of the drafts) "exclusive of interest," and the prayer was for "said sum, damages and costs of suit, and for other necessary and proper relief," it was held that it was not good ground to quash an attachment obtained, that the affidavit stated that the defendant was justly indebted to the plaintiffs in the sum of ten hundred and one dollars and ninety-eight cents, principal, exclusive of interest, and did not state the amount of interest claimed, if any.

Where attachment was obtained on the ground that the defendant was a non-resident of this State, it was held that it was not sufficient ground to quash the attachment, that the affidavit was made in New York on the 9th of June, and was not filed until the 3d of July.

Where the bond for attachment recited that the plaintiffs, naming them, "have this day sued out an attachment," and a motion to quash on the ground that it appeared by the recitals of the bond that it was executed after the writ of attachment was issued, and on other grounds, was sustained by the Court below, it was held, on error, that it did not so appear from said recital.

Error from Victoria. Tried below before the Hon. Fielding Jones.

Suit commenced July 3rd, 1855, by William Wright, William Faitule and Frederick B. Betts, residents of the city and State of New York, alleging that William S. Ragland, a non-

resident of the State of Texas, has effects and credits in the State of Texas and county of Victoria, and is indebted to your petitioners in the sum of $1001 98-100, exclusive of interest, for this that heretofore, to-wit: in the county of Lauderdale, Mississippi, on the 6th day of April, 1854, he executed his draft or promissory note in effect as follows : Here followed the copy of a draft, dated as aforesaid for $488 83-100, at ten months, to the order of the plaintiffs, on Messrs. A. E. & W. J. Ledgerd, merchants, Mobile, Ala. ; acceptance waived ; signed by defendant. Then followed similar allegations and copy of similar draft for $513 15. Allegation of failure and refusal to pay ; damages laid at $1500 ; prayer for judgment, for said sum, damages, and costs of suit, and for other necessary and proper relief.

Affidavit filed July 3rd, 1855, as follows : Frederick B. Betts, one of the partners in the firm of Wright, Betts & Co., and one of the plaintiffs in this suit, states on oath, that the defendant, William S. Ragland, is justly indebted to the plaintiffs in the sum of ten hundred and one dollars and ninety-eight cents, principal, exclusive of interest. He further states that the defendant is not a resident of the State of Texas, and that this attachment is not sued out for the purpose of injuring the defendant. (Signed,) Frederick B. Betts.

Sworn to and subscribed before me this 9th day of June, 1855, as witness my hand and official seal as Commissioner for Texas in New York. (Seal.) Signed, John Livingston, Commissioner for Texas in New York.

Bond filed same day as follows :

Know all men by these presents that we, the undersigned, are held and firmly bound unto William S. Ragland in the sum of two thousand one hundred dollars, for the payment of which we bind ourselves and our heirs ; signed and sealed on this 3d day of July, A. D., 1855.

The condition of the above obligation is as follows : Whereas William Wright, William S. Faitule and Frederick

B. Betts, merchants trading under the name and style of Wright, Betts & Co., have this day sued out an attachment against the property of the said William S. Ragland, in the District Court of Victoria county, now if the said Wright, Betts & Faitule, plaintiffs in said attachment, shall prosecute their suit with effect, and pay such damages as shall be adjudged against them for wrongfully suing out said attachment, then this obligation to be null and void, otherwise to remain in full force and virtue.

(Signed,)  A. S. CUNNINGHAM, [L. S.]
Att'y for Wright, Betts & Co.
J. O. WHEELER, [L. S.]
J. L. NICKELSON, [L. S.]

Approved, July 3d, 1855.
N. T. GAINES, Clerk D. C.

Attachment issued. Petition for writ of garnishment, and writ of garnishment issued. Motion to quash filed March 7th, 1856, as follows :

The defendant, by attorney, moves the Court, *in limine*, to quash the attachment and garnishment issued in this case because :

1st. The petition is not sworn to, nor is there any sufficient affidavit for the attachment on file, being defective in this, that it does not state that the defendant has any property, credits or effects in this county or State, nor does it state the amount of the plaintiffs' claim and other facts necessary to the right of action ; and in this that it was made on the 9th of June, while the petition was not filed till the 3rd of July thereafter, when said affidavit was also filed.

2d. The attachment is defective in this, that, by its own recitals, it appears to have been executed after the writ of attachment was issued.

Motion to quash sustained ; and judgment for plaintiffs by default. A bill of exceptions to the ruling of the Court on the motion to quash, set forth that the Court sustained the

motion on the grounds set forth in said motion, to-wit : that the petition is not sworn to. Writ of error by the plaintiffs, to revise the judgment on the motion to quash.

*Cunningham & Holt*, for plaintiffs in error.

*W. S. Glass*, for defendant in error.

WHEELER, J. The petition alleges that the defendant has effects and credits in this State and in the county where the suit was brought. This was sufficient to give the Court juris-diction. (Ward v. Lathrop, 11 Tex. R. 287.) It was a juris-dictional fact, which it was not necessary the plaintiff should verify by affidavit. (Primrose v. Roder, 14 Tex. R. 1.)

It is not a fatal objection to the affidavit, that it does not state the amount of interest due upon the plaintiffs' demand. It states the principal sum due, and that is a sufficient compli-ance with the Statute. The amount of interest was capable of being rendered certain by calculation. It was not necessary to make oath of a matter thus capable of being rendered ma-thematically certain. The interest being a legal incident to the establishment of the plaintiffs' demand, would follow as a matter of course.

The objection to the affidavit, on the ground of the lapse of time from the making of it to the bringing of the suit, might be fatal, if the attachment had been sued out for a different cause. Such delay as to cast suspicion on the verity of the affidavit, or lead to the supposition that the grounds stated in the affidavit, for asking the attachment, had ceased to exist, might warrant the quashing of the attachment. (Campbell v. Wilson, 6 Tex. R. 379.) But the fact of residence, or non-residence in the State, is not, ordinarily, of so transitory a na-ture, as to lead to the supposition that it will cease to exist within so brief a space of time as that which elapsed between the making of the affidavit and the filing of it in this case.

Wright v. Ragland.

There is no room to suspect that the affidavit was not true as well when it was filed as when made. The objection to it on this ground, therefore, is not deemed fatal.

The remaining ground of the motion to quash the attachment is, that the writ issued before the giving of the bond. If the fact were so, it would doubtless be a fatal objection; for the Statute evidently contemplates the giving of the bond before the issuing of the writ. (Hart. Dig. Art. 56; Drake on Attachments, Sec. 120.) But it does not so appear. The bond, it is true, recites that the plaintiffs, naming them, "have this day sued out an attachment," &c. And in the case of Hutcheson v. Ross, (2 A. K. Marsh. 349,) to which we are referred by counsel for the appellant, the Court of Appeals of Kentucky it is true, affirmed the judgment of the Circuit Court quashing an attachment issued by a Justice of the Peace, on the ground that the writ issued before the bond was given; taking a similar recital in the bond as evidence of the fact. We do not so regard it in this case. The affidavit and bond were filed, and the writ issued on the same day. The recital was evidently intended to identify the case in which the bond was given, and not to indicate its order, in point of time, in the proceedings. Nothing more was meant, or is necessarily to be inferred from it, than that it was intended as the bond required to be given in the case, wherein the plaintiffs had instituted proceedings, by filing their petition and making affidavit for the purpose of suing out an attachment; not that the writ had actually been issued by the Clerk already. That is not a necessary, nor, when it is considered that it would have involved the violation of duty by the Clerk, is it a probable conclusion.

We are of opinion, therefore, that the objection is not well taken, and that there was no sufficient cause for quashing the attachment. The judgment must, therefore, be reversed, and the cause remanded.

Reversed and remanded.