## B. J. OSBORN v. S. SCHIFFER AND OTHERS.

1. An attachment issued before the execution of the attachment bond is fatally defective, and should be quashed on motion of the defendant.
2. A motion to quash an attachment was overruled because it was not made until after the parties had announced ready for trial. Held, error.
3. A writ of attachment having been issued without petition, affidavit, or bond, it was error, at the return term of the writ, to permit the petition, affidavit and bond to be then filed, nunc pro tunc.
4. Defendant in attachment reconvened for damages thereby occasioned to his mercantile credit at home and in the Eastern cities where he usually bought his goods. The court below ruled that he must confine his proof to the damages occasioned to his credit where he lived and conducted his business, and excluded his evidence offered to prove damage to his credit in the cities where he obtained his goods. Held, error.
5. To justify the suing out of an attachment on the affidavit of the attorney of the plaintiff, the mere belief of the attorney does not suffice. The grounds alleged must be actually substantiated.

APPEAL from Kaufman. Tried below before the Hon. John G. Scott.

The opinion of the court states the case.

J. C. Robertson, T. J. Word, and A. M. Jackson, for the appellant.

John J. Good, for the appellees.

WALKER, J. This action was commenced by attachment in the District Court. The affidavit and bond are dated on the 24th of June, 1869. The attachment was issued by the district judge; is without date, and without the seal of the court. It came to the hands of the sheriff on the 26th of June, and was executed on the 7th of July. No petition was filed until the 26th day of July, 1869.

The writ issued in violation of law, and should have been quashed on motion. (Article 165, Paschal's Digest.) The bond

was not filed until the 26th of July, whilst the attachment was executed on the 7th of July, and was therefore issued and executed before the bond was filed. This, in the language of Judge Wheeler, is a fatal objection. (Wright *v.* Ragland, 18 Texas, 293.)

The court erred in refusing to consider the motion to quash, on the ground that it came too late after the parties announced ready for trial. (Article 1454, Paschal's Digest.)

There was error in permitting the bond, affidavit, and petition to be filed *nunc pro tunc*, at the trial term; and this is one of the errors assigned.

We are also of opinion that the court erred in excluding evidence, on the plea of reconvention, showing that the defendant as a merchant had suffered by this proceeding, in the cities where he had been accustomed to buy his goods; and there is error in the charge of the court, " that if they believe "the plaintiffs' attorney had good cause to believe that the de- "fendant was about to remove or transfer his goods, etc., that in " that case the attachment was rightfully sued out, and the de- "fendant was not entitled to recover in reconvention." There must be something more than the mere belief of an attorney, however well founded, to justify the attachment. The grounds must be actually shown to exist, or the plaintiff will be liable for a wrongful suing out of such a writ. (14 Texas, 662; 6 Texas, 407.)

The judgment in this case must be reversed, and the cause remanded.

Reversed and remanded.