THOS. DWYER V. ADRIAN TESTARD.

(Case No. 2077)

1. ATTACHMENT—VARIANCE BETWEEN AMOUNT FOR WHICH WRIT ISSUED AND THAT CLAIMED IN PETITION—A plaintiff in attachment is not bound to attach to the full extent of his demand; and where, in such a writ, the petition stated distinctly from the rest of the plaintiff's demand therein the debt for which the process of attachment was asked and issued, it was not error in the court to refuse a motion to quash the attachment, based on the ground that the writ was issued for an amount different from that claimed in the petition.  (Citing Evans v. Lawson, Smith & Co., 64 Tex. 199.

2. SAME—The defendant in an attachment suit, claimed, under his plea in reconvention for damages for the wrongful and malicious suing out of the writ of attachment, the value of the use of the attached property, on the charge that he had been deprived of that use, but the testimony tended to show the contrary—held, that the plaintiff was entitled to the benefit of this proof, without a special plea.

3. SAME—VALIDITY OF WRIT—ON WHAT DEPENDENT—FORECLOSURE OF ATTACHMENT LIEN—The validity of a writ of attachment depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated; and it is error in a court, in rendering judgment in favor of the plaintiff in attachment, on his claim, to refuse to foreclose the lien on the property of the defendant, which has attached by virtue of the levy of the writ.

APPEAL from Washington.  Tried below before the Hon. J. B. McFarland.

This suit, begun in the county court of Washington county, but subsequently transferred to the district court of that county, because of the disqualification of the judge of the county court, was instituted August 22, 1879, by the appellant Thomas Dwyer against the appellee Adrian Testard, on a promissory note for $201.35, executed to the former by the latter, jointly with others, who were alleged to be insolvent, bearing date April 7, 1879, and maturing September 1, 1879.  There was also in the petition a claim for $50.00 as attorney's fee.  Contemporaneously with the filing of the petition, the plaintiff sued out an attachment, which was levied by the sheriff upon certain

personal property of the defendant. The affidavit in attachment stated that the defendant was justly indebted to the plaintiff in the sum of $201.35, and that the allegations of the petition were true ; and the writ was in conformity with the affidavit. The bond was in the sum of $425. Eight or ten days after the levy, the defendant replevied the property.

The defendant, in his answer, admitted the execution of the note, but pleaded in reconvention for damages for the alleged wrongful and malicious suing out of the writ of attachment. On July 19, 1883, the defendant moved the court to quash the writ of attachment and all the proceedings thereunder: first because the attachment bond was insufficient in amount; second, because of the variance between the amount claimed in the petition and that sworn to be due in the affidavit; third, because the writ of attachment was issued for an amount different from that claimed in the petition. This motion the court overruled.

The cause was tried by a jury, and resulted in a verdict for the plaintiff for $242.46, and for the defendant for $30 actual damages. The court rendered judgment for the plaintiff for the excess of the verdict in his favor over the damages awarded the defendant, but denied him a foreclosure of his attachment lien. Both parties appealed. It may be well to state that the defendant, under his plea in reconvention, claimed the value of the use of the attached property, charging that he had been deprived of that use. The testimony, however, tended to show that defendant had had the use of the property, though nominally in the custody of the sheriff, during the eight or ten days immediately following the levy, and that he, at the expiration of that time, replevied it.

*Garrett, Searcy & Bryan, J. E. Shepard* and *C. R. Breedlove*, for Thos. Dwyer, that the court erred in refusing to foreclose the attachment lien, cited: R. S., art 180 ; Ammon *v.* Thompson, 34 Tex. 237 ; Wallace *v.* Finberg, 46 Tex. 46 ; Dugey *v.* Hughes Bros, 2 Willson's Cond. App. Cases, sec. 6, p. 18.

That the attachment papers were regular and correct, they cited : Evans *v.* Lawson, Smith & Co., 64 Tex. 199 ; Stewart *v.* Heidenheimer, 55 Tex. 648.

*Sayles & Bassett*, for Adrian Testard, that the attachment lien was rightly refused, in that the writ had been wrongfully sued out, and because there was, in the petition, neither allegation nor prayer for

such a judgment,, cited: Carr *v.* Tucker, 42 Tex. 330; R. S., 1195, 1335; Pas. Dig., 1427, 1476; Pinchain *v.* Collard, 13 Tex. 333, 335; Moore *v.* Guest, 8 Tex. 117, 119; McAlpine *v.* Burnett, 19 Tex. 497.

That the attachment proceedings were defective and should have been quashed on defendant's motion, they cited: Joiner *v.* Perkins, 59 Tex. 300, 302; Dunnenbaum *v.* Schram, 59 Tex. 285; Culberson *v.* Cabeen, 29 Tex. 247, 253; Cox *v.* Reinhardt, 41 Tex. 591, 594.

ROBERTSON, ASSOCIATE JUSTICE.—There was no error in over-ruling the defendant's motion to quash the attachment. The petition stated the debt distinctly from the demand for attorney's fees, and, for the former only, prayed the process of attachment. The bond was in double the sum for which the attachment was asked and issued. For all the demand he was not required to attach. Evans *v.* Lawson, 64 Tex. 199.

The fourth, fifth, sixth and seventh special charges requested by appellee, directed the jury how to ascertain whether the attachment was wrongfully sued out or not. On this issue the jury found for appellee, and, of course, he sustained no injury by the refusal of these instructions.

Appellee's tenth special charge was a definition of *probable cause.* This expression has about the same signification in the law that it has in common parlance, and it is not certain that any attempt to elucidate it does not tend to mystification. In the charge of the court the right of appellee to recover exemplary damages was made to depend on malice alone, regardless of probable cause. The jury were instructed that they might infer malice from the absence of *probable cause,* and this is the only instance in which the expression is used in the charge. For this incidental purpose there was no need to dignify the phrase by a long definition.

The court did not err in refusing the appellee's motion for new trial. Within less than ten days the property attached was replevied, and, whilst in the nominal custody of the sheriff, the testimony tended to show that the defendant was not deprived of its use. The appellant was entitled to the benefit of this proof without a special plea. The defendant was claiming the value of the use of this property, on a charge that he was deprived of the use; and that he was not, is simply the negation of his claim. The damages allowed fully cover the injuries done by appellant's mistake. That he did not act oppressively or maliciously, the jury determined upon ample warrant from the evidence.

There was error in the refusal of the court to foreclose the attach-

ment lien. It was held in Cloud v. Smith, 1 Tex. 611, that the affidavit could not be traversed in the abatement of the writ. The writ is authorized, not upon a given state of facts, but upon an affidavit to certain facts. The validity of the writ depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. The bond protects the defendant. The injury done him is compensated in the damage he recovers. The plaintiff, in the terms prescribed by law, in the bond, has contracted with the defendant for his remedy. He expiates in advance the possible wrong he may do the defendant. Ever since the decision of Cloud v. Smith, it has been the practice to give the plaintiff the benefit of his lien, and leave the defendant to his remedy on the bond. The defendant in this case has recovered his damages in a credit on the plaintiff's demand, and the plaintiff was entitled to a foreclosure of his attachment lien.

The judgment of the court below will be reformed so as to foreclose the plaintiff's lien, and in all other respects the judgment is affirmed, and it is so ordered.

REFORMED AS TO PART,
AND IN ALL OTHER RESPECTS AFFIRMED.

[Opinion delivered February 5, 1886.]