## BATEMAN BROS. ET AL. v. J. R. RAMSEY.

### No. 6575.

1. **Attachment—Practice.**—The defendant in attachment can not put in issue the truth of the grounds on which the plaintiff sues out the writ in that suit. He has a complete remedy upon the attachment bond.

2. **Fraudulent Attachment Proceedings.**—A fraudulent disposition of a debtor's property by a suit is as much prohibited by the statute of frauds as it is by a private transfer.

3. **Intervention — Junior Attaching Creditor.**— A junior attaching creditor may intervene in the suit of a first attaching creditor for the purpose of testing the validity of the debt upon which it is founded, but not for the purpose of quashing the writ for informalities.

4. **Same.**—Such junior attaching creditor may intervene for the purpose of showing that the older attachment was fraudulent.

5. **Fraudulent Attachment.**—Where the grounds upon which an attachment was obtained were false, and where the affidavit for attachment was known to be false by the party making it, or by the plaintiff, the proceedings should be set aside as fraudulent upon such proof being made.

6. **Grounds for Attachment.**—The grounds for attachment are statutory, and that a defendant is unable to pay his debts as they become due is no ground for attachment.

7. **Facts.**—See facts indicating fraud in an attachment suit.

APPEAL from Johnson.   Tried below before Hon. J. M. Hall.
The opinion states the case.

*Poindexter & Padelford,* for appellants.—If it be shown that the debt made the basis of attachment is simulated in whole or in part, such fact will avoid the attachment. Lambeth v. McClinton, 65 Texas, 108; Hare v. Chandler, 3 Mich., 538, *et seq.;* Pierce v. Partridge, 3 Metc., 44; Fairfield v. Baldwin, 12 Pick., 389; Rev. Stats., arts. 2973–75, 2978; Hill v. Eldred, 49 Cal., 399.

When a prior attachment has been sued out by plaintiff for the purpose of hindering, delaying, or defrauding the creditors of the defendant,

in such proceedings such attachment is fraudulent and void as to subsequent attaching creditors of such defendant. Rev. Stats., art. 2465; Johnson & Co. v. Heidenheimer, 65 Texas, 266; May on Fraud. Con., p. 236; Seitz v. Mitchell, 94 U. S., 580; Fisher v. Shelver, 53 Wis., 501; Wait on Fraud. Con., secs. 224, 231–33, 239, 241.

*Crane & Ramsey,* for appellee. — 1. A subsequent attaching creditor will be permitted to intervene only for the purpose of showing that the debt of the prior attaching creditor is fraudulent and collusive or has no existence. Nenny & White v. Schleuter, 62 Texas, 326; Drake on Att., secs. 262–273.

2. No subsequent attaching creditor will be permitted to intervene for the purpose of pleading the statute of limitation or taking advantage of any irregularity which the defendant has the power to waive. Nenny & White v. Schleuter, 62 Texas, 326; Wood on Lim., sec. 41; 7 Wait's Act. and Def., sec. 9, p. 236; Bank of Hartford v. Waterman, 26 Conn., 324; Armstrong v. Swift, 3 Lea (Tenn.), 191; Clark v. Hogeman, 13 W. Va., 618.

HENRY, ASSOCIATE JUSTICE.—J. R. Ramsey, as plaintiff, instituted this suit against B. B. Ramsey on the —— day of October, 1887, for money charged to have been loaned him as follows: "April 1, 1885, $500; May 1, 1885, $55; November 1, 1886, $180." Upon which the petitioner charges defendant promised to pay interest at the rate of one per cent per month. The indebtedness was not evidenced by writing.

The plaintiff sued out a writ of attachment, which was levied on all the property owned by the defendant, consisting of a stock of merchandise and a horse and wagon.

A few days after its seizure the property was sold by the sheriff by order of court for $596.25, of which part ($76.15) was retained by the officer to pay costs, and the balance $520.15) was deposited with the clerk of the court to abide the result of the suit.

The defendant did not appear or answer.

Appellants intervened in the suit, contesting the correctness of plaintiff's debt and charging collusion and fraud between plaintiff and defendant for the purpose of cheating intervenors and other creditors of defendant.

Judgment was rendered for plaintiff for the sum of eight hundred and eighty-nine dollars and twenty-three cents, and foreclosing his attachment, from which the intervenors appeal.

It was admitted that the defendant was insolvent. Plaintiff was the father of defendant, who was an unmarried man and boarded with his father. Plaintiff usually worked for defendant about his store for small wages.

Intervenors proved that they had recovered judgments in the County and Justice courts foreclosing their second and third levies of attachment on the same property that was levied on by plaintiff's writ subject to plaintiff's writ.

Intervenors' debts amounted to $577.35, besides costs. The property when levied on was proved to be worth $1050.

The record before us does not contain the affidavit or show the grounds upon which the attachment was sued out.

The amount of plaintiff's debt was contested by the intervenors. The evidence in regard to it is vague and unsatisfactory. Without undertaking to analyze it, we will say that we are not able from any view of the evidence to see how it was made to amount to as much as the judgment was rendered for. It seems clear that one item, a note amounting to one hundred and eighty dollars, was counted twice. As the cause will be reversed, and the evidence of the amount of the debt may be made more satisfactory on another trial, we do not think it necessary to comment further on this aspect of the case. With regard to his causes and motives for suing out the writ of attachment, plaintiff testified that it was his opinion that the defendant did not convert any of his property into money; that defendant paid his debts as fast as he could with the money that he sold his goods for; that he was not afraid defendant would defraud him if he was let alone, but plaintiff knew that he owed other debts which he was paying off, and because he was doing that and was not paying him he sued out his writ of attachment; that he sued out the attachment because he found he could not otherwise collect his debt. Plaintiff testified that before he sued out his writ of attachment he talked to defendant about doing so more than once.

As we have said, the record before us fails to disclose the grounds upon which the attachment was sued out by plaintiff. It strongly indicates, however, that no statutory ground existed, and that the issuance of plaintiff's writ was the result of a fraudulent combination between plaintiff and defendant, whereby they proposed to effect a transfer of defendant's property to plaintiff for the purpose of defrauding the other creditors of defendant.

It has long been settled in this State that the defendant can not put in issue the truth of the grounds on which the plaintiff sues out his attachment in that suit.

The defendant, however, has a complete remedy in this respect by a suit on the attachment bond. But a fraudulent attachment suit may be more injurious to the creditors of a defendant than to the defendant himself.

The divestiture of all his property may be as completely effected by an insolvent debtor through a collusive and fraudulent attachment suit as by a voluntary transfer by deed.

As was said by this court in the case of Johnson v. Heidenheimer, 65 Texas, 263, a fraudulent disposition of a debtor's property by a suit is as much prohibited by the statute of frauds as it is by a private transfer. Rev. Stats., art. 2465.

It is well settled by the decisions of this court that a junior attaching creditor may intervene in the suit of the first attaching creditor for the purpose of contesting the validity of the debt upon which it is founded, but not for the purpose of quashing the writ for informalities. Nenny v. Schleuter, 62 Texas, 328.

We have no doubt about the right of such intervening creditor to attack the attachment proceedings for the purpose of showing they are fraudulent. Waples on Att., 480; Wade on Att., 117; Drake on Att., sec. 273.

When it can be shown by intervening creditors that the grounds upon which the writ was sued out did not exist, and that the affidavit on which it was predicated was known to be false by the party making it, or by the plaintiff, the proceeding should be set aside because fraudulent. As in other cases, badges of fraud may exist, such as the failure of the defendant to make such defenses as would defeat the attachment or the cause of action, and any other thing that indicates collusion between plaintiff and defendant.

Our laws do not intend that the harsh remedy of attaching shall be resorted to merely because a debtor is unable to pay his debts as they become due. The circumstances under which such writs may be sued out are plainly stated by our statutes. Our courts are not organized as instrumentalities through which the statutes may be subverted and silenced by perjury.

If upon another trial of this cause it shall be made to appear that plaintiff's attachment was sued out upon grounds that did not exist, upon an affidavit known by him to be false, while he will then be entitled to a personal judgment against defendant for so much of his debt as he may establish, he should not have a judgment foreclosing his attachment, except for such surplus, if any, as may exist after satisfaction of the claims of intervening creditors.

In that case the intervenors ought to have judgment for so much of the proceeds of the property as they may show themselves entitled to by virtue of their own writs of attachment.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered October 22, 1889.