GEISER MANUFACTURING COMPANY v. W. A. WATKINS ET AL.

Decided March 12, 1910.

**Garnishment Bond.**

A garnishment bond recited that whereas in a certain suit then pending the plaintiff "caused" a writ of garnishment to issue, etc. Held, that the use of the word "caused" did not necessarily or even fairly show that the issuance of the writ of garnishment had preceded the execution and filing of the bond, and it was error to sustain a motion to quash the bond and writ of garnishment on that ground.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*Hugh L. Umphres* and *J. T. Harrison,* for appellant.

*Reeder, Graham & Williams* and *Gustavus, Bowman & Jackson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a garnishment suit and ancillary to the Geiser Manufacturing Company v. N. A. Gray (this day decided), in which there was a judgment for the garnishees and the plaintiff has appealed. The question of error presented is as to the court's action in sustaining the garnishees' motion to quash the bond and writs of garnishment because the garnishment bond "shows upon its face that it was executed after writs of garnishment had been issued." The affidavit and bond for garnishment were written upon the same sheet of paper, the affidavit being subscribed on December 15, 1908, and the bond bearing date and being approved on the same day. The writ quashed bears date December 16, 1908, upon which the sheriff's return shows it came to his hand ·on that day and was executed on the following day.

The language of the bond, which the trial court held to be fatal, is as follows: "Whereas, in the cause of the Geiser Manufacturing Company v. N. A. Gray, suit now pending in the County Court of Potter County, Texas, the file No. of which is 801, plaintiff caused writs of garnishment to issue against W. A. Watkins and Frank Wilson," etc. The use in this connection of the word "caused" does not necessarily or even fairly show that the issuance of the writ of garnishment had preceded the execution and filing of the bond, but serves merely to identify the suit out of which the garnishment proceedings arose. In other words, it indicates that by this initial process plaintiff has this day caused the issuance of the garnishment writs. Wright v. Ragland, 18 Texas, 289. The date of the issuance of the writ of garnishment shows further that it did not precede, but followed the making of the bond.

For the error of the court in sustaining appellees' motion to quash the bond and writs of garnishment, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*