GREEN et al. v. HOPPE.    (No. 5462.)

(Court of Civil Appeals of Texas. Austin. March 24, 1915. Rehearing Denied May 5, 1915.)

1. ATTACHMENT ⟨⟩267—ABATEMENT—FILING AMENDED PETITION.

Filing of an amended petition setting up a new and different cause of action from that in the original petition is ground for abatement of the attachment procured on the original petition.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 948–952; Dec. Dig. ⟨⟩267.]

2. PLEADING ⟨⟩248 — PETITION — AMENDED PETITION—DIFFERENT CAUSES OF ACTION.

Where the original petition declares on an express contract, an amended petition declaring

on an implied contract presents an essentially different cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686, 687, 689–706, 708½, 709; Dec. Dig. ☾248.]

3. PLEADING ☾252 — PETITION — AMENDED PETITION—DIFFERENT CAUSES OF ACTION.

Where the original petition stated a cause of action on an account, an amended petition, containing, in one count a demand on the account, and in another count seeking recovery on a quantum meruit, did not change the right to recover on the first count and original petition.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 736–743; Dec. Dig. ☾252.]

4. PRINCIPAL AND SURETY ☾173—PAYMENT OF DEBT BY SURETY—IMPLIED OBLIGATION.

Where a surety pays the obligation at maturity on default of the principal debtor, there is an implied obligation on the part of the principal debtor to reimburse the surety for the money actually paid.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 497–499; Dec. Dig. ☾173.]

5. PRINCIPAL AND SURETY ☾190—PAYMENT OF DEBT BY SURETY — ACTION AGAINST PRINCIPAL—PLEADING.

A petition, in an action by a surety on a note who had paid it, against the principal for reimbursement, which states the facts of an implied obligation of the principal to reimburse the surety for the money paid, and which sets out the note and the facts as to its execution, delivery, and payment, and prays for recovery of the money paid on the note, states a cause of action, authorizing a recovery on the implied obligation to reimburse the surety for the money paid.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 549, 568–577; Dec. Dig. ☾190.]

6. APPEAL AND ERROR ☾742—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—PROPOSITION.

An assignment of error, complaining of the overruling of special exceptions to items of the account sued on, will not be considered where there is no proposition under the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☾742.]

7. PLEADING ☾292—VERIFICATION—ACTION ON ACCOUNT.

Where plaintiff sued on a verified open account in compliance with Vernon's Sayles' Ann. Civ. St. 1914, art. 3712, and no item was contested by defendant, who did not deny any item under oath, as required by article 1906, defendant could make no objection to the items.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 880; Dec. Dig. ☾292.]

8. ATTACHMENT ☾126 — VALIDITY — AFFIDAVIT—REQUISITES.

The validity of an attachment does not depend on the truth of the facts stated in the affidavit therefor, but on the fact that they are so stated, and the matters set out in the affidavit cannot be put in issue to abate the attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 207; Dec. Dig. ☾126.]

9. ATTACHMENT ☾331, 333—BOND—RIGHTS OF PARTIES.

A defendant, damaged by an attachment wrongfully sued out, is protected by the attachment bond, and plaintiff may recover against the sureties on the replevy bond executed by defendant.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1180–1185, 1193–1197; Dec. Dig. ☾331, 333.]

10. ATTACHMENT ☾9—RIGHT TO SUE OUT ATTACHMENT—MATURITY OF DEBT.

Under Vernon's Sayles' Ann. Civ. St. art. 243, providing that attachment may issue though plaintiff's debt be not due, it is immaterial that the debt was not all due when an attachment was issued.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 31–33; Dec. Dig. ☾9.]

11. APPEAL AND ERROR ☾216 — INSTRUCTIONS—REQUESTS—NECESSITY.

Error in the main charge, consisting of an omission only, is not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☾216; Trial, Cent. Dig. § 627.]

Appeal from District Court, Bastrop County; Ed R. Sinks, Judge.

Action by R. E. Hoppe against J. W. Green and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. A. Barlow, of Taylor, for appellants. Page & Jones, of Bastrop, for appellee.

RICE, J. Appellee was in the mercantile business at Smithville, and during the months of February, March, and April, 1914, sold to appellant Green certain goods, wares, and merchandise, amounting in the aggregate to the sum of $359.23; and on January 19, 1914, appellant Green borrowed from the First National Bank of Smithville the sum of $306, executing his note therefor, with appellee as surety, payable to the order of said bank within 60 days from date, bearing 10 per cent. interest, and providing for 10 per cent. attorney's fees, if placed in the hands of an attorney for collection. The note was not paid at maturity, and appellee, as surety, paid same, amounting to $316. Appellant also having failed to pay said account, this suit was brought by appellee on the 3d of May thereafter to enforce collection thereof, as well as for said sum of money so paid on said note, alleging that the merchandise was bought at an agreed price, specified and set forth in Exhibit A, attached to the petition, which was duly verified; and on the same day caused an attachment to be issued and levied upon 14 head of mules and horses, seven wagons and harness, the property of appellant, which was thereafter, on the 7th of May, duly replevied by him. On the 12th of said month, appellee filed his first amended original petition, setting up the sale of said merchandise by him to appellant, and seeking to recover in the first count for its value at an agreed price, and in the second on a quantum meruit, and also set up the execution of said note to the First National Bank of Smithville by appellant Green as principal and himself as surety, for the sum above mentioned, alleging that he, as surety, had been compelled to pay the same to the

bank, who had indorsed it to him, and prayed for recovery of the amount that he had so paid. Appellant replied by general demurrer, several special exceptions, and further answered by special denial of paragraphs 1 to 8, inclusive, of plaintiff's petition, but admitted that he had executed the note described therein as principal, with appellee as surety thereon, and likewise admitted that he had purchased a number of the articles of goods, wares, and merchandise, set forth in Exhibit A, attached to plaintiff's petition, but alleged, however, that he had no information sufficient to enable him to state whether such account was correct or not. He also sought to recover damages in reconvention for the alleged unlawful issuance and levy .of the writ of attachment upon his property. A jury trial resulted in a verdict and judgment in favor of appellee against appellant and the sureties on the replevy bond, with a foreclosure of the attachment lien on the property levied upon by virtue of said writ of attachment, and against appellant on his plea in reconvention. Appellant moved to quash the writ of attachment on several grounds, chiefly for the reason that the amended petition set up a new and different cause of action from that stated in the original petition. The original petition sought to recover for goods, wares, and merchandise sold to appellant at an agreed price, as set forth in the exhibit attached to said petition, and likewise sought to recover for the money paid by appellee as surety on said note, alleging it to be money procured and furnished by him to appellant; while the first amended petition, so far as the account is concerned, not only sought to recover on an express contract, but also on a quantum meruit. With reference to the money so paid by appellee as surety, said amended petition set up all the facts with reference to the execution and delivery of said note by appellant, as principal and himself as surety, the payment of same by him and its indorsement to him, and prayed to recover the amount paid out by him thereon, and for general and special relief.

[1] We understand the rule to be, as contended for by appellant, that if the amended petition in the instant case set up a new and separate cause of action from that set up in the original petition, this, in and of itself, would be sufficient ground to abate the attachment. See Boyd v. Beville, 91 Tex. 439, 44 S. W. 287; Phœnix Lumber Co. v. Houston, etc., Co., 94 Tex. 463, 61 S. W. 707; Townes' Texas Pleading, p. 459.

[2] We also understand the rule to be that if the original petition had declared on an express contract, and the amended petition had declared on an implied contract, they would present essentially different causes of action. See Booth v. Houston Packing Co., 105 S. W. 46; S. A. & A. P. R. Co. v. Bracht, 157 S. W. 269; Lynch v. Ortleib & Co., 87 Tex. 590, 30 S. W. 545; Phœnix Lumber Co.

v. Houston, etc., Co., supra; Sayles' Texas Pleading (1st [1906] Supp.) p. 53.

[3] But do said pleadings come within this rule? We think not. As to the suit on the account, the same identical allegation is made in both, and recovery is asked in both for goods sold at a specified and agreed price. It is true that a second count was added, seeking to recover on a quantum meruit, but plaintiff had the right to add as many counts as he desired, and this did not change his right to recover on the first count, which was the same in each petition.

[4] Appellant further contends, however, that in the amended petition appellee sued to recover upon the note, whereas in the original petition he only sued to recover for money had and received, claiming that in the one he sued upon an express contract, while in the other his suit is based upon an implied contract. In the instant case appellee's cause of action for the recovery of the money paid by him results from the implied obligation on the part of the principal to reimburse the surety for the money actually paid on his account. See Faires v. Cockerell et al., 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Holliman v. Rogers, 6 Tex. 91, holding that recovery under such circumstances could not be had by the surety upon the note.

[5] We think that both petitions declare upon the same cause of action, that is, upon an implied obligation upon the part of appellant to reimburse appellee for the money paid on said note. It is true that appellee does set out the note and all the facts regarding its execution, delivery and payment by him, and prays for recovery of the money paid by him thereon; still, under the authority of Boyd v. Beville, supra, we think this was a suit by him for indemnity, rather than upon the note. As said before, the petition may be regarded both as a suit upon the note and the implied obligation of appellant to reimburse appellee for the money paid thereon, and we may concede that appellee believed he was suing upon the note, yet he stated facts sufficient to authorize a recovery upon the implied obligation of appellant to reimburse him for the money paid; and, having prayed for whatever relief he might be entitled to thereunder, the court was justified in regarding it as a suit upon the implied contract, rather than upon the note. Hence we overrule appellant's contention set out under the first, second, third, and fourth assignments of error, to the effect that the two petitions set up separate and different causes of action.

[6, 7] The fifth assignment complains that the verdict is not supported by the evidence, but is in conflict therewith, in that there is no testimony showing, or tending to show, how much plaintiff paid on said note as surety. We differ with appellant in this contention. We think the evidence satisfactorily shows that the plaintiff paid off the

note. This must mean that he paid the amount due thereon, which is alleged in the petition to be $316 at the time of payment. Appellant addressed a special exception to certain items of the account sued on, for the reason that it failed to show the amount or number of such items. In the first place, there is no proposition under this assignment, for which reason we might decline to consider it; but, waiving this, it has been held that an account setting forth the items with less particularity than this was sufficient. See Hays v. Samuels, 55 Tex. 561; Cahn v. Salinas, 2 Willson Civ. Cas. Ct. App., § 104; Adams v. Gray & Dudley Hardware Co., 153 S. W. 650. Besides this, plaintiff brought suit on a verified, open account in compliance with the statute (article 3712, Vernon's Sayles' Civ. Stats.), no item of which was contested by appellant, nor did he deny any item thereof under oath, as required by article 1906 of said statutes, and, without so doing, he can make no objection to the items thereof. This assignment is therefore overruled.

[8, 9] It is urged by the seventh assignment that the court erred in directing the jury to return a verdict to foreclose the attachment lien in favor of plaintiff against the sureties on the replevy bond, because if the facts set forth in the affidavits for attachment were untrue, such proceedings would fail, and plaintiff would not be entitled to the foreclosure of such attachment lien, nor to a judgment against the sureties on such bond, it appearing from the uncontroverted testimony that the affidavit was not true in this, that a part of the debt sued on was not due at the time of its issuance, and for the further reason that the facts alleged therein that defendant was about to remove his property out of Bastrop county with intent to defraud his creditors was, under the evidence, a question for the jury to pass upon. The validity of an attachment does not depend upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated; therefore the court correctly instructed the jury to foreclose the attachment lien and to return a verdict in favor of plaintiff against the sureties on the replevy bond, and if appellant be damaged thereby he is protected by the attachment bond. See Dwyer v. Testard, 65 Tex. 432; Dunnenbaum v. Schram, 59 Tex. 286; Bateman v. Ramsey, 74 Tex. 589, 12 S. W. 235. The truth of the matters set out in the affidavit cannot be put in issue for the purpose of abating the writ of attachment. See Cloud v. Smith, 1 Tex. 611; Wright v. Ragland, 18 Tex. 289; Osborn v. Schiffer, 37 Tex. 434; Dunnenbaum v. Schram, supra; Hillebrand v. McMahan, 59 Tex. 450; Lewy v. Fischl, 65 Tex. 311; Dwyer v. Testard, supra; Hart v. Jopling, 146 S. W. 1075.

[10] It is immaterial that the debt was not all due when the attachment was issued, because under the statute plaintiff is entitled to an attachment whether the debt is due or not. See article 243, Vernon's Sayles' Civ. Stats. So that the court did not err in refusing to give appellant's special charge No. 2, to the effect that if the evidence showed that part of the debt was not due at the time the writ of attachment was sued out and levied, they would find such attachment was wrongfully, illegally, and unjustly sued out, and therefore defendant would be entitled to a verdict against plaintiff for actual damages.

[11] Appellant excepted to the main charge of the court on the ground that in submitting his plea in reconvention, said charge only authorized a recovery in his favor provided the jury should believe that, at the time of the issuance of the attachment, he was about to remove his property out of Bastrop county, where the suit was brought, with intent to defraud his creditors; and he sought to cure the error in the charge of the court by requesting a special charge which, in effect, authorized a recovery on his part if the jury should believe either that the debt was not due at the time the attachment was issued, or that the writ was sued out for the purpose of injuring and harrassing the defendant, or that he was not about to remove his property out of Bastrop county, where the suit was brought, with intent to defraud his creditors. The error in the main charge, complained of under the ninth assignment, was one of omission only, for which reason no reversible error is shown. The tenth assignment, complaining of the court's refusal to give appellant's special charge, is likewise overruled, because it permitted a recovery in the event the jury should believe that, at the time the attachment was issued, the debt was not due, as the law permits an attachment to be issued before the debt is due; the first allegation furnishes no basis for recovery, even if shown to be untrue at the time of the issuance of the writ.

Finding no reversible error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.