PAXTON et al. v. TRABUE. (No. 8281.)

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1919. Rehearing Denied Dec. 6, 1919.)

1. ATTACHMENT ⚖➙10 — BASED ON CONTINGENT DEMAND IMPROPERLY ABATED.

Where contingency was to take place at the expiration of the contract, and plaintiff set forth the contract, which showed that defendant had breached contract and rendered it terminated, held, that court erred in abating attachment on grounds that it was levied on a contingency, while affidavit stated that defendant was justly indebted.

2. ATTACHMENT ⚖➙126 — AFFIDAVIT IS CONTROLLING ON MOTION TO ABATE.

On motion to abate attachment on ground that demand at date of institution of suit was only a contingent one, allegation of affidavit for attachment that debt was due and owing is controlling.

3. ATTACHMENT ⚖➙254—ABATEMENT FOR UNTRUE ALLEGATIONS IN AFFIDAVIT.

A writ of attachment cannot be abated because allegations of affidavit therefor falsely state causes for the attachment.

Appeal from Dallas County Court; W. L. Thornton, Judge.

Suit by J. H. Paxton and others against R. E. Trabue. Judgment was rendered against plaintiffs in justice court. On appeal to the county court, judgment was rendered

for plaintiffs for the amount sued for, but writ of attachment was abated, and they appeal. Reformed and affirmed.

Brooks, Worsham & Graham, of Dallas, for appellants.

Leake & Henry, of Dallas, for appellee.

RAINEY, C. J. Appellants sued the appellee to recover the sum of $150, claimed to be due and owing, and sued out a writ of attachment, which was levied on an automobile. Judgment was rendered against appellants in the justice court, and appellants appealed the case to the county court. When the case reached the county court the appellee filed a motion to abate the writ of attachment on the ground:

"That plaintiffs' said demand at the date of the institution of this suit was only a contingent one, that defendant at said time was only contingently liable to plaintiffs for said sum sued for, and that said affidavit in attachment wrongfully stated that defendant was justly indebted to plaintiffs; that said demand was insufficient under the statute upon which to base an attachment, for that said contingency continued to exist for six months after the institution of said suit; and that said attachment was therefore without authority of law."

Which motion was sustained, whereupon the appellee admitted in open court that appellant was entitled to judgment for the amount sued for. In the judgment was recited:

"Thereupon counsel for defendant admitted in open court that plaintiffs were entitled to judgment for the amount sued for, and agreed that judgment might be rendered in favor of plaintiffs, and upon such agreement made in open court the court is of the opinion that plaintiffs are entitled to recover against the defendant the sum of $150, with interest after judgment."

And judgment was so rendered.

[1] We think the court erred in abating the writ of attachment on the ground that the attachment was levied on a contingency. The contingency was, according to contract, to take place at the expiration of the contract, which was to be on the 31st day of July, 1918. The attachment was abated by the court, and on the same day the judgment was entered.

[2, 3] The affidavit stating that the debt was due and owing does not depend upon the fact that it is not due, but that the allegations in the affidavit are controlling, and the writ will be enforced, and, if it is wrongful, the defendant will be entitled to a recovery on the attachment bond. Nor can a writ of attachment be abated because its allegations falsely state causes for the attachment. Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Dwyer v. Testard, 65 Tex. 432; Green v. Hoppe, 175 S. W. 1117. In the case of Dwyer v. Testard, supra, the court held:

"There was error in the refusal of the court to foreclose the attachment lien. It was held in Cloud v. Smith, 1 Tex. 611, that the affidavit could not be traversed in the abatement of the writ. The writ is authorized, not upon a given state of facts, but upon an affidavit to certain facts. The validity of the writ depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. The bond protects the defendant. The injury done him is compensated in the damage he recovers. The plaintiff, in the terms prescribed by law, in the bond, has contracted with the defendant for his remedy. He expiates in advance the possible wrong he may do the defendant. Ever since the decision of Cloud v. Smith, it has been the practice to give the plaintiff the benefit of his lien, and leave the defendant to his remedy on the bond. The defendant in this case has recovered his damages in a credit on the plaintiff's demand, and the plaintiff was entitled to a foreclosure of his attachment lien."

The appellant set forth the contract, which showed that appellee had breached the contract, and rendered it terminated, and made the sum deposited become due; and it further showed that it was due by appellee's counsel appearing in open court and admitting that said amount was due, and that appellant was entitled to judgment for said amount. Being entitled to judgment for said amount, the court should have refused to abate the attachment and foreclosed the lien.

Judgment will be rendered, reversing the judgment abating the attachment, and in accordance with said holding the judgment will be so reformed for appellant as to give him judgment for the sum sued for and the foreclosure of the attachment lien.

Reformed and affirmed.