## TURNER v. MARTIN et al.
### No. 3700.

Court of Civil Appeals of Texas. Amarillo.
Dec. 16, 1931.

Rehearing Denied Jan. 13, 1932.

J. D. Thomas, of Farwell, for plaintiff in error.

H. D. Payne, of Floydada, for defendant in error.

JACKSON, J.

The plaintiff, O. G. Turner, instituted this suit in the district court of Parmer county, Tex., against the defendants J. H. Martin, W. W. Hall and Nat Jones, to recover an alleged indebtedness in the sum of $1563 and attorneys' fees thereon.

On June 3, 1929, the defendants J. H. Martin and W. W. Hall, as principals, executed and delivered to Margaret M. Henschel their note for the sum of $2,500, and the plaintiff signed the note as surety. The defendants Martin and Hall borrowed the $2,500 for the purpose of and did establish and operate a grocery business in the town of Friona, Parmer county, Tex. After the execution of the note, the defendant Nat Jones acquired an interest in the stock of groceries and fixtures and in the business of Martin and Hall, and assumed the payment of said note of $2,500.

After default in the payment of the note, plaintiff, in order to avoid a suit and judgment against him as surety on the note, was compelled to pay an unpaid balance of $1,563 on said note, for which amount, with attorneys' fees, he sought judgment against all of the defendants.

On June 24, 1930, the date of the institution of the suit, plaintiff caused a writ of attachment to be issued out of the district court of Parmer county, and placed in the hands of W. D. Kirk, an officer, and levied on the groceries and fixtures belonging to the defendants and possession thereof taken by the officer.

On June 28th thereafter the defendants executed and delivered to said officer their replevy bond, with J. O. Jones and M. A. Crum as sureties, and the officer delivered possession of the attached property to the defendants.

The defendants urged a plea in abatement to plaintiff's suit and a motion to quash the writ of attachment, both of which were overruled.

The defendants answered, setting up their alleged defenses to plaintiff's cause of action. Martin and Hall, by way of cross-action, asked judgment over against Nat Jones for whatever sum, if any, plaintiff should obtain a judgment against them. Nat Jones, by way of reconvention, sought to recover against the plaintiff $5,000 as actual damages and $5,000 as exemplary damages, alleging that the issuance of the writ of attachment and the levy thereof was procured on an affidavit stating that the defendants were about to dispose of their property with the intent to defraud their creditors, which statement was false and untrue, and all of which the plaintiff knew at the time the affidavit was made and the writ of attachment served.

The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of plaintiff against all the defendants for the sum of $1,563, the amount paid by plaintiff to Mrs. Henschel on the note which he had signed as surety for Martin and Hall. The defendant Nat Jones was given judgment on his cross-action against the plaintiff for the sum of $300. This amount was deducted from the judgment in favor of the plaintiff, leaving his judgment against the defendants $1,263, and for this amount Martin and Hall were given judgment against the defendant Nat Jones.

The court found as a fact that the statement in the affidavit for attachment that

the defendants were about to dispose of their property with the intent to defraud their creditors was untrue, and refused the plaintiff a judgment against J. O. Jones and M. A. Crum, the sureties on the defendants' replevy bond, and it is from this action of the court that the plaintiff, by writ of error, prosecutes this appeal.

"It is well settled that the truth of an affidavit for attachment may not be traversed for the purpose of abating or dissolving the writ. The defendant's remedy is upon the bond to procure the attachment. * * * Nor may the sureties to a replevy bond predicate any right to abate the attachment writ on the falsity of facts alleged, their liability not arising upon the truth or falsity alleged in the affidavit for the issuance of the writ." 5 Tex. Jur. 254.

This proposition is supported by an unbroken line of authorities in this state.

"The validity of the writ depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. The bond protects the defendant. The injury done him is compensated in the damage he recovers. The plaintiff, in the terms prescribed by law, in the bond, has contracted with the defendant for his remedy. He expiates in advance the possible wrong he may do the defendant. Ever since the decision of Cloud v. Smith [1 Tex. 611], it has been the practice to give the plaintiff the benefit of his lien, and leave the defendant to his remedy on the bond. The defendant in this case has recovered his damages in a credit on the plaintiff's demand, and the plaintiff was entitled to a foreclosure of his attachment lien." Dwyer v. Testard, 65 Tex. 432. See, also, Tsesmelis v. Sinton State Bank et al. (Tex. Civ. App.) 35 S.W.(2d) 451; Paxton et al. v. Trabue (Tex. Civ. App.) 216 S. W. 399; Ford v. Johnston (Tex. Civ. App.) 184 S. W. 303; Hart v. Jopling (Tex. Civ. App.) 146 S. W. 1075; Bateman v. Ramsey, 74 Tex. 589, 12 S. W. 235.

In the return of the officer on the writ of attachment, the property levied upon was appraised at $4,500. The replevy bond made by the defendants was by the officer returned to the district clerk and by him filed in the papers of this case and appears in the transcript.

The replevy bond obligated the defendants and their sureties, J. O. Jones and M. A. Crum, to the plaintiff in the sum of $3,438.-60, conditioned that, if the plaintiff prevailed in the suit, the defendants and the sureties would satisfy the judgment rendered or pay the estimated value of the property, with interest thereon.

The court overruled defendants' plea in abatement and their motion to quash the writ of attachment, and, having rendered judgment for the plaintiff against the defendants for the sum of $1,263 and certain costs, the court should have rendered judgment against J. O. Jones and M. A. Crum, the sureties, on the replevy bond of the defendants for the amount of the judgment, $1,263. Calvert v. Bennett et al. (Tex. Civ. App.) 286 S. W. 303, and authorities cited.

 The liability of the sureties on a replevy bond exists as a matter of law, if the liability of the defendant is established in the suit. United States F. & G. Co. v. Mueller (Tex. Civ. App.) 13 S.W.(2d) 430; Vogt v. Dorsey, 85 Tex. 90, 19 S. W. 1033; Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754; Rosser v. Hale (Tex. Civ. App.) 235 S. W. 968.

The judgment of the trial court is here reformed so as to include a judgment against J. O. Jones and M. A. Crum for the sum of $1,263, and, as so reformed, is in all other respects affirmed.

Appellees' motion to dismiss the appeal is without merit.