### CRAIG et al. v. TAYLOR et al.

### No. 9687.

Court of Civil Appeals of Texas. Galveston. Jan. 25, 1932.

H. A. Cline, of Wharton, for plaintiffs in error.

Rose & Sample, of Edna, for defendants in error.

LANE, J.

On or about the 25th day of March, 1929, Taylor & Bagby, a copartnership composed of H. O. Taylor and J. W. Bagby, conveyed to H. A. Craig certain lands situated in Jackson county, Tex. As consideration for such conveyance, H. A. Craig paid to Taylor & Bagby $100 cash and executed and delivered to them his promissory note for the sum of $2,-400, a vendor's lien being retained by the vendors to secure payment of the note.

After the note became due, to wit, on the 18th day of February, 1930, H. O. Taylor and J. W. Bagby instituted this suit against H. A. Craig and his wife, Ida Lee Craig, to recover upon the note and for a foreclosure of their vendor's lien retained to secure payment of said note. They also asked for a recovery of judgment for other items alleged to be due to them by H. A. Craig. On the same day, the plaintiffs caused to be issued an attachment upon an affidavit made by plaintiff J. W. Bagby, wherein he alleged as grounds for such attachment that "Defendant H. A. Craig is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors." On the day of its issuance such attachment was levied upon an undivided interest of Craig in two certain tracts of land situated in Jackson county, one containing 6 acres and the other 100 acres, such two tracts forming no part of the land sold by the plaintiffs to Craig. Craig had no notice of the issuance and levy of the attachment until after the rendition of judgment foreclosing the lien created thereby, unless he discovered the affidavit and bond for attachment filed in the cause prior to the filing of his answer to the suit by Craig, which answer was filed on September 13, 1930, some eight months after the filing of the affidavit for attachment, or prior to the trial of the cause.

In their joint answer defendants denied generally the allegations of plaintiffs' petition, and Mrs. Craig specially denies that she was a party to the execution of the contract and note sued upon or either of them, and says that she is in no wise obligated to pay same or any part thereof.

The cause was called for trial on the 23d day of September, 1930, and judgment was rendered for the plaintiffs against defendant H. A. Craig for the sums sued for and also for a foreclosure of the vendor's and attachment liens upon the properties covered by them respectively. Judgment was also rendered decreeing that plaintiff take nothing as against Mrs. Craig. It is recited in the judgment that the defendants were duly cited to appear and answer; that they filed their answer on the 13th day of September, 1930, but otherwise they came not for trial of the cause. On September 29, 1930, six days after the judgment was rendered, appellants filed their motion for new trial, wherein, among other things, they stated in the 6th paragraph thereof the following: "Defendant further shows to the court that he has a meritorious defense to said attachment proceedings and he alleges that same was wrongfully sued out in this; That said allegation that 'Defendant

H. A. Craig is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors', was not true, and defendant was not in truth and in fact about to convert any property into money for the purpose of placing it beyond the reach of his creditors, as alleged, and the plaintiff J. W. Bagby well knew the facts when he made said affidavit."

The motion for a new trial was overruled by the court, to which ruling appellants excepted and gave notice of appeal. Such appeal was perfected and is now before this court for its consideration.

Appellants are asking a reversal of the judgment upon their contention that the court erred in not granting them a new trial upon the allegation of the 6th paragraph of their said motion for new trial above set out.

As has already been shown, plaintiff J. W. Bagby, on the same day and after this suit was filed, made affidavit stating things which under the provisions of subdivision 11 of article 275, Rev. Civil Statutes of 1925, would entitle plaintiffs to the issuance of the writ of attachment of which complaint is made by appellant, upon the execution of a bond by plaintiffs as provided by article 279 of said statute, which said bond was executed.

A statement of the facts as set out in the affidavit of J. W. Bagby was under the provisions of subdivision 11 of article 275, supra, authority for the issuance of the writ of attachment in question. The issuance of such a writ is authorized, not upon the truth of the facts stated in the affidavit, but upon the statement in the affidavit that such facts are true; in other words, the validity of the writ depends, not upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated. Cloud v. Smith, 1 Tex. 611; Dwyer v. Testard, 65 Tex. 432; Green et al. v. Hoppe (Tex. Civ. App.) 175 S. W. 1117, 1120; Tsesmelis v. Sinton State Bank (Tex. Civ. App.) 35 S.W.(2d) 451, 453; Gimbel et al. v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Hart v. Jopling (Tex. Civ. App.) 146 S. W. 1075.

In Cloud v. Smith, supra, the court held that the affidavit for attachment, in legal form, cannot be traversed by a plea in abatement.

In Dwyer v. Testard, supra, the court said: "There was error in the refusal of the court to foreclose the attachment lien. It was held in Cloud v. Smith, 1 Tex. 611, that the affidavit could not be traversed in the abatement of the writ. The writ is authorized, not upon a given state of facts, but upon an affidavit to certain facts. The validity of the writ depends, not upon the truth of the facts stated

in the affidavit, but upon the fact that they are so stated. The bond protects the defendant. The injury done him is compensated in the damage he recovers. The plaintiff, in the terms prescribed by law, in the bond, has contracted with the defendant for his remedy. He expiates in advance the possible wrong he may do the defendant. Ever since the decision of Cloud v. Smith, it has been the practice to give the plaintiff the benefit of his lien, and leave the defendant to his remedy on the bond. The defendant in this case has recovered his damages in a credit on the plaintiff's demand, and the plaintiff was entitled to a foreclosure of his attachment lien."

In Green v. Hoppe, supra, it is said: "The validity of an attachment does not depend upon the truth of the facts stated in the affidavit, but upon the fact that they are so stated; therefore the court correctly instructed the jury to foreclose the attachment lien and to return a verdict in favor of plaintiff against the sureties on the replevy bond, and if appellant be damaged thereby he is protected by the attachment bond. See Dwyer v. Testard, 65 Tex. 432; Dunnenbaum v. Schram, 59 Tex. 286; Bateman v. Ramsey, 74 Tex. 589, 12 S. W. 235. The truth of the matters set out in the affidavit, cannot be put in issue for the purpose of abating the writ of attachment. See Cloud v. Smith, 1 Tex. 611; Wright v. Ragland, 18 Tex. 289; Osborn v. Schiffer, 37 Tex. 434; Dunnenbaum v. Schram, supra; Hillebrand v. McMahan, 59 Tex. 450; Lewy v. Fischl, 65 Tex. 311; Dwyer v. Testard, supra; Hart v. Jopling [Tex. Civ. App.] 146 S. W. 1075."

In Tsesmelis v. Sinton State Bank, supra, it is said: "The validity of a writ of attachment depends, not upon the truth of the facts stated in the affidavit, but upon the facts that are stated. The truth of the allegations in the affidavit for the writ cannot be controverted for the purpose of abating the writ. Oscar v. Sackville (Tex. Civ. App.) 270 S. W. 897."

Paragraph 6 of plaintiff in error's motion for a new trial, which we have herein reproduced, the overruling of which by the trial court complaint is made, presents no meritorious defense to the suit of the plaintiffs; such paragraph was therefore properly overruled.

From what we have said, we think it clear that plaintiff in error is not entitled to a reversal of the judgment upon the only grounds asserted by him in his brief, which grounds we have hereinbefore stated.

For the reasons stated the judgment is affirmed.

Affirmed.