## W. D. WILKINS v. CARTER BROS. & CO.

### No. 7174.

1. **Guaranty — Construction.** — B. E. Wilkins & Bro. were indebted to Carter Bros. & Co. in several notes and accounts. W. D. Wilkins addressed Carter Bros. & Co. a letter, as follows: "Honey Grove, Texas, October 26, 1888. Messrs. Carter Bros. & Co., Louisville, Ky.—Gents: B. E. Wilkins & Bro. may be a few days late in paying their dues. If you will bear with them I will see that you are paid. Cotton is six weeks late, hence the scarcity of money. They are in good shape otherwise." Suit against B. E. Wilkins & Bro. and against W. D. Wilkins as guarantor. W. D. Wilkins on the trial offered to prove by parol that his letter was intended to apply only to the indebtedness of Wilkins & Bro. which would mature November 1, and was not intended to cover any other claim. *Held,* that the letter was broad enough to cover all the debts owing to Carter Bros. & Co. by Wilkins & Bro., and the testimony was properly excluded, because an effort to limit liability to only a portion of that covered by the term "*dues*" owing Carter Bros. & Co.

2. **Notice of Guaranty.** — The letter relied upon as a guaranty was an offer to pay upon the creditor extending time. To render the guarantor liable it was necessary that notice be given him of acceptance of his offer.

APPEAL from Lamar. Tried below before Hon. BEN. H. DENTON, Special District Judge.

No statement is necessary.

*Hale & Hale,* for appellant.—1. A written instrument that is ambiguous is subject to explanation by parol evidence to show the meaning and intention of the party who executed it, but not to contradict it, and the court should have admitted the evidence of W. D. Wilkins and L. L. Wilkins on this point. Patton v. Rucker, 29 Texas, 406–408; Cook v. Southwick, 9 Texas, 615; Wilson v. Childress Bros., 2 Ct. App. C. C., sec. 428; Brandt on Surety., secs. 130, 157, 159; 1 Pars. on Con., 7 ed., pp. 479, 480: Coquillard v. Hovey, 23 Neb., 622; Bank v. Dana, 79 N. Y., 111; Bish. on Con., secs. 76, 316, 321, 324, 390; Anson on Con., p. 23.

2. To render a proposition made by one person to another binding, it must be accepted by the promisee, and notice thereof given to the promisor within a reasonable time; and promises previously made by the promisor to the promisee, and which had already been complied with, will not obviate the necessity of acceptance of the subsequent promise and the giving notice thereof. Patton v. Rucker, 29 Texas, 406–408; Wilson v. Childress, 2 Ct. App. C. C., sec. 428; 1 Pars. on Con., 7 ed., pp. 479, 480; Bish. on Con., secs. 318, 321, 324; Anson on Con., p. 23; 2 Pars. on Con., 7 ed., sec. 4, and authorities cited; Mayfield v. Wheeler, 37 Texas, 257; Orr v. O'Brien, 55 Texas, 149; Brandt on Surety., secs. 157–160; 2 Rand. Com. Paper, sec. 853.

*Dudley & Moore,* for appellees.—1. A written instrument must be construed according to its legal effect. Parties acting upon a written

instrument are authorized to place upon such instrument the same construction which the law places upon it, and the law will not permit a party who has executed a written instrument upon which he intends others to act, to change the legal effect of such instrument by proving his secret intentions.

2.   The guaranty in this case being by letter, written by appellant to appellees, we must look at the letter itself, and give to its terms and the language employed a reasonable interpretation according to the intent of the appellant, as disclosed by the letter alone, read in the light of surrounding circumstances; and if there is anything ambiguous in it, it must be taken most strongly against the appellant.    Rhine v. Blake & Jenkins, 59 Texas, 240; Gilbert v. Plow Co., 119 U. S., 491; Lafargue v. Harrison, 70 Cal., 380; Brandt on Surety., sec., 80; Douglass v. Reynolds, 7 Pet., 113.

3.   When a party directly agrees in writing to be responsible for and guarantee the payment of another's debt, already created and existing, of which he has knowledge when he signs the agreement, in consideration of the giving of more time on such indebtedness, no notice of the acceptance of such guaranty is necessary.    Wills v. Ross, 77 Ind., 1; 40 Am. Rep., 279; Davis v. Well, 104 U. S., 159; Saunders v. Etcherson, 36 Ga., 401; Gilbert v. Plow Co., 119 U. S., 491; Carman v. Elledge, 40 Iowa, 409; Case v. Howard, 41 Iowa, 479; Bright v. McKnight, 1 Sneed (Tenn.), 158; Caton v. Shaw, 2 Har. & G. (Md.), 13; McMillan v. Bank, 32 Ind., 11; Hammond v. Gilmore's Admr., 14 Conn., 479; Cook v. Orne, 37 Ill., 186; Brandt on Surety., sec. 164; Hawley v. Bullock, 29 Texas, 216; Wethered v. Boon, 17 Texas, 149; Martel v. Somers, 26 Texas, 551.

FISHER, JUDGE, *Section B.*—On the 11th day of March, 1889, appellees sued B. E. Wilkins & Bro., a firm composed of B. E. and L. L. Wilkins, on three several notes, one dated in February and two of them in April, 1888; one for $483.06, due January 1, 1889; one for $335.71, due November, 1888; and one for $336.70, due November 15, 1888; also seven separate accounts, all dated from June to September, 1888; one for $26.98, due October 18, 1888; one for $210.30, due August 18, 1888; one for $61.70, due October 18, 1888; one for $95.31, due December 1, 1888; one for $290.44, due December 1, 1888; one for $183, due February 1, 1889; one for $336.45, due February 1, 1889; total accounts, $1204.24; aggregating, notes and accounts, $2358.71. These debts were owing by B. E. Wilkins & Bro., and W. D. Wilkins was sued as guarantor.

All the defendants answered by general denial.    Appellant W. D. Wilkins in effect pleaded, that at the time of executing the contract of guaranty he did not know that B. E. Wilkins & Bro. owed plaintiffs more than $600, and that he did not agree to become responsible for

more than that amount; that he is not liable on his guaranty, because
it was a gratuity, and plaintiffs did not accept his offer and promise
therein made, and did not give him notice of any acceptance within a
reasonable time, and not until B. E. Wilkins & Bro. were attached by
creditors and their assets absorbed; and if he had been notified that
his offer of guaranty had been accepted he could have protected
himself.

The case was tried by the court without a jury, who rendered judg-
ment in favor of the plaintiff against all the defendants for the amount
sued for. W. D. Wilkins alone appeals. The agreement of guaranty
consists of the following letter:

"HONEY GROVE, TEXAS, October 26, 1888.

"*Messrs. Carter Bros. & Co., Louisville, Ky.:*

"GENTS—B. E. Wilkins & Bro. may be a few days late in paying you
their dues. If you will bear with them I will see that you are paid.
Cotton is six weeks late, hence the scarcity of money. They are in
good shape otherwise.          Yours truly,          "W. D. WILKINS."

On the trial of the case appellant offered to prove that the above
letter was intended by him to refer only to the indebtedness of Wilkins
& Bro. which would mature on November 1, and that it was not in-
tended by him that the guaranty would cover any other amount, and
that this was the only item of indebtedness of Wilkins & Bro. that he
knew of. This evidence was objected to, and the objection sustained,
for the reason that this parol evidence would in effect control and vary
the legal meaning of the promise contained in the contract of guaranty.
We think the court in this respect committed no error. There is no
uncertainty or ambiguity about the letter that needs or requires expla-
nation. It promises to pay the *dues* owing Carter Bros. & Co. by B. E.
Wilkins & Bro. The promise is broad enough to cover all the debts
owing appellees by Wilkins & Bro. The effect of the evidence would
be to limit the liability of the guarantor to a portion of the debts only.
Gilbert v. Plow Co., 119 U. S., 491.

The second assignment of error presents the remaining and impor-
tant questions in the case. It is contended by appellant under this
assignment, that if the guaranty was accepted by the guarantees he was
entitled to notice of that fact in order to make him liable.

On this question the court below finds, "that before October 26, 1888,
plaintiffs had been calling upon B. E. Wilkins & Bro. to pay their indebt-
edness then due, and that after plaintiffs received the letter from W.
D. Wilkins they did nothing toward pushing their claim; that on No-
vember 15, 1888, plaintiffs learned that B. E. Wilkins & Bro. had been
attached, and telegraphed W. D. Wilkins of that fact, and asked him
what step he wished taken, and that they had held up their claim as

requested by him; that there was no written or verbal acceptance of the letter written October 26, 1888." The court below concludes, as a matter of law, "that as the debts were existing at the time the letter was written, it was not necessary that W. D. Wilkins should have been notified of the proposition."

From the evidence in the record, we take it that the court intended to say in that portion of its findings of fact wherein it is stated, "that there was no written or verbal acceptance," that there was no written or verbal notice of acceptance. For the evidence on this point is, that Carter Bros. & Co. relied upon this letter as a guaranty of their claims; but no notice of the acceptance of the guaranty was given to appellant. We believe it is settled law, that where notice of the acceptance of the guaranty is necessary to be given, it can be either express notice or can be shown by facts and circumstances from which the law would imply notice; and that the guarantee has a reasonable time in which to notify the guarantor of his acceptance. The court below in arriving at its conclusions did not consider either of these questions, but reached the final result solely upon the ground that as the debts were existing at the time the guaranty was written, notice of the acceptance of the terms thereof was not required to be given. This presents the question for our determination.

Giving effect to the terms of the letter constituting the guaranty, we do not think that it should be construed as an absolute and unconditional promise to pay. It is evident that the purpose of this guaranty was to obtain an extension of time in the payment of these debts due by Wilkins & Bro. The promise contained in the guaranty was based upon this idea: "grant the extension of time, and I will see that you are paid;" conversely, "refuse to grant the extension, and I will not see you paid." It is nothing more than a promise or offer to pay the debts if time is given. It is a conditional promise that becomes absolute if the condition upon which it is predicated is accepted and complied with by the guarantees.

The guaranty passed upon in the case of Gardner v. Lloyd, 2 Atlantic Reporter, 562 (Same Case, 110 Pa. St., 278), is in many respects similar to the one before us. There the promise was made by the guarantors, provided the creditors of the debtors would all grant an extension of time in the payment of the debts. Some of the creditors granted the extension, but no notice of the acceptance of the terms of the guaranty was given. The court say: "Of course such a liability could never become absolute until the acceptance was completed, and the guarantors could never know whether they were liable until they had knowledge of the facts upon which this liability depended. To the completion of a liability in the mere legal sense, in such circumstances, notice to the guarantors is simply indispensable. It is said in many of the cases, that they are entitled to notice in order that they may pro-

tect themselves from loss, or have the opportunity of doing so. But here is the added and more essential element, to-wit, that notice of the subsequent acceptance must be given in order that a legal liability may exist at all. The subsequent acceptance is not the act of the guarantors, but of the creditors who are strangers to the guarantors and independent of them, and may or may not act in the matter of acceptance. Hence the guarantors can not know whether or not they have acted, and to what extent and in what manner, until they have received information to that effect. Upon any principle, therefore, applicable to such a case, they were entitled to notice of acceptance before any liability arose."

Where the guaranty is conditional or a mere promise or offer to become bound upon the performance of conditions imposed upon the guarantees, we think the rule announced in the Pennsylvania case quoted is correct, and that the guarantor is entitled to notice. This rule is recognized in the following authorities: Johnson v. Bailey, 79 Texas, 518; Mayfield v. Wheeler, 37 Texas, 256; Brandt on Surety. and Guar., secs. 157–163; Douglass v. Reynolds, 7 Pet., 125; Adams v. Jones, 12 Pet., 211; Oaks v. Miller, 15 Vt., 110; Kellogg v. Stockton & Fuller, 29 Pa. St., 463; Steadman v. Guthrie, 4 Metc. (Ky.), 150; Kay v. Allen, 9 Pa. St., 320; Beekman v. Hale, 17 John., 138; Smith v. Anthony, 5 Mo., 505. In several of the cases cited the contract of guaranty related to debts existing at the time.

The reason of the rule that entitles the guarantor to notice that his promise has been accepted is, that it enables him to know the nature and extent of his liability, and to exercise due vigilance in guarding and protecting himself against losses which might otherwise be unknown to him, and to avail himself of appropriate legal and equitable remedies to save himself harmless. On this branch of the case we can not refrain from quoting what is said by the court in Oaks v. Weller, 13 Vermont, 110: "The reasonableness of this principle is quite obvious, and commends itself to the moral sense. When a proposition is made by a man for a thing to be done for himself, he must know, when done, that it is done on his proposition. But when he proposes his responsibility for a thing to be done for another, he may not know that it is done; or even if he does, he will not know whether it was done on his proposition or on the sole credit of the third person or some other security. The responsibilites and duties of a guarantor imply certain correlative rights and privileges which, without notice of his condition, he can never exercise. If he is to stand as surety, he must have the right to keep watch of his principal and his circumstances, hold or demand proper security from time to time, and require of his principal reasonable punctuality, and even in chancery to secure indemnity by enforcing payment by the principal. These important rights can not

be available while he remains ignorant of his proposition of guaranty having been accepted.   All these principles apply with equal force to all persons, though not strictly and technically guarantors, who come in aid of another.''

In order for forbearance to sue to be a consideration, it must be based upon an agreement to that effect.   The mere omission of the creditor to sue is not sufficient in the absence of such agreement, for in such case he may proceed at his pleasure.   Brandt on Surety. and Guar., sec. 8.   Carter Bros. were not bound by the proposition contained in the letter until they had agreed to accept its terms.   From the time they received the letter until after the goods of Wilkins & Bros. were attached, they did not notify the appellant that they agreed to the guaranty and would extend the time.   But they say they did accept the guaranty by forbearing to sue.   While they may have extended the time upon the faith of the promise contained in the letter of guaranty, how was this to be known to the guarantor unless he was notified of that fact?   How was he to know but that the consideration for the extension moved from some other source, or was a mere favor to the debtor granted and to be ended at the pleasure of the creditor?   We do not think the mere fact that the debt existed when the contract of guaranty was made will dispense with the notice of acceptance of its terms when it is of that character of guaranty that evidences a mere offer or promise, or is of that conditional character that depends upon an acceptance in order to result in a completed engagement.

For the views here expressed we conclude the case should be reversed.

*Reversed and remanded.*

Adopted April 26, 1892.

A motion for rehearing was refused.