B. SCHWEITZER, M. SCHWEITZER and J. SILVER-
BERG, Partners under the name of SCHWEITZER &
CO., *v.* CHAS. J. FISHEL.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 13, 1901.   DECIDED DECEMBER 7, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

F. wrote to S. that T. intended to purchase goods, asked S. to treat her
    well, and let her select goods to a certain amount and look to him
    for payment. S. sold and delivered the goods to T., charged them
    to her, afterwards received part payment from her, and later
    brought action against F., alleging failure of T. to pay. Held, F's
    promise was one of guaranty. only.
A guarantor should have notice of the acceptance of the guaranty.
    This notice need not be formal and may be inferred from circum-
    stances.
A guarantor is released from liability to the extent to which he is
    injured by the failure of the creditor to prosecute his claim with
    reasonable diligence against the principal debtor.
Civ. L. Sec. 1222 does not require the principal debtor to be joined as
    defendant with the guarantor.

OPINION OF THE COURT BY FREAR, C.J.

This case was tried by the court, jury waived, on agreed
facts, and judgment rendered for the plaintiff. The defendant
brings it here on exceptions.

The action is for a balance of $640.08 due for goods sold and
delivered by the plaintiffs to one Mrs. Turner in reliance upon
the following letter written by the defendant;

"Honolulu, H. I., November 15, 1897. Mr. M. Schweitzer, San Francisco, Cal. Dear sir:—This will introduce to you a friend of mine, Mrs. G. A. Turner, the wife of the Collector of Customs for the Port of Hilo, Island of Hawaii. Mrs. Turner is leaving for your city intending to purchase a stock of fancy goods and a line of millinery, including veilings, ribbons, corsets, corset-waists, underwear, etc. Treat her well. I would also kindly ask you to take my friend to R. L. Toplitz or any other good millinery house and introduce her there. Let Mrs. Turner select about $500.00 to $750.00 worth of goods and see to me for payment. I remain, respectfully yours, Chas. J. Fishel."

The first question is whether defendant's promise, contained in this letter, was an original or a collateral undertaking. The plaintiffs contend and the trial court held that it was original. In our opinion it was collateral. The defendant is liable, if at all, as guarantor only and not as surety. A guarantor and a surety are alike in that they are both bound for another. They differ in that the obligation of the former is secondary, while that of the latter is primary. A guarantor undertakes to pay if by due diligence the debt cannot be collected of the principal, while a surety is bound equally and absolutely with the principal and is a debtor from the beginning. A guarantor is entitled to notice of his principal's default, while a surety is held to know every default of his principal. A guarantor usually enters into his contract before or after his principal and for a separate consideration, while a surety usually becomes bound with the principal by the same instrument, at the same time and on the same consideration. Brandt, Suretyship and Guaranty, Sec. 1; 14 Am. & Eng. Encycl. L. 2nd Ed. 1130. In this case, Mrs. Turner was the one who was "intending to purchase." The plaintiffs were to "treat *her* well." They were to let her "select * * * goods." It is clear that she was to be the purchaser and that the object of the letter was to induce the plaintiffs to give credit to her. The plaintiffs so understood the letter themselves when they received it, and they acted on that construction of it, for they sold the goods to Mrs. Turner, charged them to her, looked to her for payment and afterwards received from

her $100 on account, and finally brought this action alleging her failure to pay the balance.  All this appears from their complaint and the bill of particulars attached to it.  It is clear that there was no intention on the part of either the plaintiffs or the defendant that the latter should become liable either alone or equally with Mrs. Turner.  The intention was that she should be primarily liable and he secondarily.  That he would be bound only as guarantor by the language of this letter and under these circumstances, see *Bishop v. Eaton*, 161 Mass., 496; *Langdon v. Richardson*, 58 Ia., 610; *Smith v. Montgomery*, 3 Tex., 199; *Robertson v. Hunter*, 6 S. E. (S. C.) 850; *Hall v. Woodin*, 35 Mich., 67; *Wilkins v. Carter Bros. Co.*, 84 Tex., 438; *Bugbee v. Kendricken*, 130, Mass., 437.

The next question is whether notice of the acceptance of the guaranty was necessary in order to bind the defendant.  There is no evidence that any such notice was given.  The evidence is merely that demand of payment was made on the defendant before the commencement of the action.  The goods were sold in February and April, 1898, and the action was begun June 20, 1899.  The trial court, having held that the promise was original, held also that no notice was necessary prior to the bringing of the action.  In our opinion the defendant, in order to be bound as guarantor, should have received reasonable notice of the acceptance of the guaranty.  The rule is thus stated by the Supreme Court of the United States in *Davis Sewing Machine Co. v. Richards*, 115 U. S., 524:

"A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties.  If the guaranty is signed by the guarantor at the request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract.  But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of

the guarantor, needing an acceptance by the other party to complete the contract."

This case falls within the latter part of the rule. The guaranty was signed by the guarantor without any previous request from the plaintiffs, and in their absence, for no consideration moving between them except future advances to be made to the principal debtor. This rule is followed by the great majority of courts. See, among others, the following cases: *De Cremer v. Anderson*, 113 Mich., 578; *Winnebago Paper Mills v. Travis*, 56 Minn., 480; *Bishop v. Eaton*, 161 Mass., 496. This is a reasonable rule for the protection of the guarantor. He should know what his liability is to be in order that he may take the proper steps to secure himself. The notice need not be formal. It may be implied from circumstances. See *Bishop v. Eaton, supra*; *Barnes Cycle Co. v. Reed*, 91 Fed. R. 481. As there was no evidence that reasonable notice was given in this case and the trial court found that no notice was necessary, a new trial must be granted.

Several other questions are raised by the defendant. He contends that there was no proof of due diligence on the part of the plaintiffs to obtain payment from the principal debtor, Mrs. Turner. Of course, under a contract of guaranty, the guarantor is released from liability to the extent that he is injured by the neglect of the creditor to press his claim with reasonable diligence against the principal debtor.

It is further contended that Mrs. Turner should have been joined as a party defendant under Civ. L. Sec. 1222 relating to the joinder of joint and several obligors, &c. The defendant and Mrs. Turner were not joint and several obligors. They were severally parties to different contracts with the plaintiffs. Mrs. Turner's contract was to pay for the goods. Mr. Fishel's contract was to pay Mrs. Turner's debt if she did not pay it.

It is contended also that there was no evidence that the goods were millinery goods and that the court cannot take judicial notice of what millinery goods are. The goods are described in the bill of particulars, which is agreed to be correct. The

goods there described may properly be held to be included under "a stock of fancy goods and a line of millinery, including veilings, ribbons," &c. even if the scope of the authority was not enlarged by the use of the single word "goods" in the last clause of the letter—the clause that contained the defendant's promise.

It is also contended that Schweitzer & Co. were not the guarantees. It is one of the agreed facts that the letter, although addressed to M. Schweitzer only, was intended for the plaintiff firm. The letter may also reasonably be construed as permitting that firm to furnish the goods and as not limiting them merely to introducing Mrs. Turner to Toplitz & Co. or some other millinery house.

The decision and judgment of the trial court are reversed and the case is remitted to that court for a new trial.

*F. W. Hankey* for plaintiffs.

*J. A. Magoon* for defendant.