INTERNATIONAL SHOE CO. v. KAUFMAN.
(No. 7315.)

(Court of Civil Appeals of Texas. San Antonio. March 11, 1925. Rehearing Denied April 8, 1925.)

1. Payment ⚖➡43—Payments applied to account longest due, in absence of request from debtor.

In absence of any request from debtor, payments on account are applied to items longest due.

2. Contracts ⚖➡242—Extension of time for payment must be definite to become binding.

An extension of time for payment must be for a definite period to become binding.

3. Guaranty ⚖➡6—Agreement of guaranty to extend line of credit held revoked by principal's death.

Agreement of guaranty to extend line of credit to principal in purchase of goods, to continue until revoked in writing, *held* terminated by principal's death before line of credit was established, and before any goods were sold and delivered.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by the International Shoe Company against Rachel Kaufman. Judgment for defendant, and plaintiff appeals. Affirmed.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellant.

John Sehorn and Edwin Sehorn, both of San Antonio, for appellee.

COBBS, J. Appellant sued appellee to recover balance due on an account for goods and merchandise sold and due on an account alleged to be guaranteed by appellant in the following written instrument:

"To H. Ross, 1207½ Lincoln Street,
                                        Laredo, Texas.

"Roberts, Johnson & Band, Manufacturers, Branch of International Shoe Co. St. Louis—Gentlemen: In compliance with your request for a guaranty of the tenor following to establish with you a credit for H. Ross of San Antonio, Texas, and in consideration of your extending the time for payment for the stock now on hand and of your shipping merchandise to said H. Ross in the future, we hereby unconditionally, jointly and severally guarantee payment of whatever said party shall, at any time, be owing you whether heretofore or hereafter contracted; this guaranty is to take effect without notice of its acceptance (which is hereby waived); and it is to be an open guaranty, and to continue in force notwithstanding any renewals or extensions granted by you, without obtaining previous consent thereto, and until expressly revoked by notice to that effect in writing, from us to you. Any notice of revocation shall apply only to credits extended by you after receipt of such notice.

"Notification of said party's defaults is hereby waived, but our liability hereunder is not to exceed the sum of $3,500 at any one time. It is mutually understood that this guaranty is to bind the party who signs it, whether the same be signed by any other party or not.

"Dated this 2d day of August, A. D. 1911.
                          "H. Ross. [Seal.]
                          "Rachel X Kaufman. [Seal.]
                          "————. [Seal.]
"Witnesses:
     "Irene S. Bradford (bookkeeper).
     "S. Varelor."

It will be observed that all the goods were purchased by Ross prior to the alleged guaranty of August 2, 1921. Ross died September 9, 1921. After the death of Ross, appellant shipped him, on the 28th of September, 1921, a bill of goods amounting to $45.60; but these

goods were reclaimed and repossessed by appellant.

The express purpose and intent of the written guaranty was to have extended to Ross a line of credit, which because of his death failed and the instrument was lacking in consideration and mutuality, which was pleaded. There is neither pleading nor proof to show that appellant ever extended or intended to enlarge the time for payment for the stock Ross had on hand when the guaranty was signed. The purpose of the undertaking was to "establish" a line of credit for Ross. Before a line of credit was established for Ross and before any goods were sold and delivered, Ross died, and this of itself revoked the obligation. It was entirely of a personal nature and could not be passed by any assignment or go to his heirs. The length of time for the extension of credit was until revoked, which the death of Ross did. Ross paid all that was due or would become due, until October 1, 1921, and there is nothing pleaded nor proven that said last-named amount was extended. From the date appellee executed the guaranty until Ross died, nothing was due appellant from Ross, and appellant could only have caused an extension of the debt by a direct promise, which is not shown to have been done.

The payment made by Ross July 23d should be applied as a credit to the bill purchased May 26th, and due 30 days thereafter, and the bill purchased July 21st, due in 30 days, rather than to the item to become due October 1st. The payment made was just equal to the sum of the two bills due in 30 days, so Ross was really never in default after the guaranty until after his death.

[1] The rule in reference to the application of payments in the absence of any request from the debtor is to apply payments to the items longest due. Palm v. Johnson (Tex. Civ. App.) 255 S. W. 1007.

[2] An extension of time for payment must be for a definite period of time to become binding. Austin Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Bank v. McCord (Tex. Civ. App.) 39 S. W. 1003; Bank v. Skidmore (Tex. Civ. App.) 30 S. W. 565; Robson v. Brown (Tex. Civ. App.) 57 S. W. 83; Wilkins v. Carter, 84 Tex. 438, 19 S. W. 997. There was no definite time for extension alleged, made, or proven.

[3] The agreement contemplated extending a line of credit and securing for Ross an extension of time until revoked in writing. Before doing either thereunder, Ross died. This completely revoked the agreement or offer.

The only shipment of goods, or any act done, after the alleged guaranty, was the goods shipped on September 28, 1921, nearly three weeks after the death of Ross. The offer of extension of a line of credit and shipment of goods terminated and lapsed by the death of Ross. 13 C. J.; Travelers' Ins. v. Jones, 32 Tex. Civ. App. 146, 73 S. W. 978.

We find no reversible error assigned, and the judgment is affirmed.