## TSESMELIS v. SINTON STATE BANK et al.

### No. 8519.

Court of Civil Appeals of Texas. San Antonio.
Jan. 14, 1931.

Rehearing Denied Feb. 11, 1931.

Lloyd & Lloyd, of Alice, and W. B. Moss, of Sinton, for appellant.

J. G. Cook, of Sinton, for appellees.

COBBS, J.

Appellee Sinton State Bank, a private corporation, sued appellant upon a promissory note for $725, dated Aug. 15, 1929, bearing interest from date at the rate of 10 per cent. per annum, due and payable ninety days after date, stipulating for the payment of 10 per cent. as attorneys' fees, in the event said note is not paid at maturity and placed in the hands of an attorney or suit is brought on the same.

Suit was instituted on January 7, 1930, and on the same day the bank filed an affidavit and bond for attachment, and the writ of attachment issued was levied upon a lot in Sinton, Tex., upon which is located a two-story brick building, and a farm near Sinton containing 127 acres.

Appellant filed a plea in abatement alleging that the suit was prematurely brought, because the payment of the note had been extended and the bank was not in a position to enforce payment of the note.

Subject to his plea in abatement, appellant filed a motion to quash the attachment and therein pleaded that the note, although alleged by the bank to be due, had been extended, that the affidavit for attachment was false, and that no ground for the attachment existed.

Subject also to the plea in abatement, appellant filed an answer and cross-action for damages, actual and exemplary, based upon the wrongful levy of the attachment, and for the wrongful publication of the affidavit for attachment alleged to be libelous, against the bank, and made appellees J. F. Odem and Fred Johnson, sureties on the attachment bond, parties defendant.

All pleas in abatement were passed upon by the court and were overruled.

The case was tried with a jury and judgment entered in favor of appellee.

■ There is no denial of the note, but the defense is based upon the fact that a valid agreement was made for the extension of the note, that the suit was prematurely brought, a wrongful attachment sued out and levied upon appellant's property.

The alleged agreement for extension was contained in a letter of appellee to appellant, which is, in part, as follows:

"With reference to your note of $725, since you state that you are unable to obtain credit we will expect a payment of $100 at once and a similar amount thirty and sixty and ninety days.

"We do not care to extend the old note, but will hold the time of payment in abeyance as above stated."

Appellant testified that: "A day or two after I got this letter I wrote the bank and told them I would pay the first $100 January 1, 1930."

On cross-examination appellant stated:

"This note was due in November and I didn't pay it when it was due, but paid the interest on it and asked for an extension, and he told me that I was doing business with another bank and he couldn't give me an extension, and I told him to give me a few days to get the money, and he said he would. Later he did give me more time to pay the note. I was to pay Mr. Odem $100 on this note at that time, $100 in thirty days, $100 in sixty days, $100 in ninety days—and it was my understanding that the balance due on the note would be due at the end of ninety days—that's the understanding that we had."

There was no understanding or definite agreement as to the final payment of the balance of the note, and as to that, evidently, the minds of the parties did not meet.

The alleged oral agreement as to payment and extension of the note seems unsatisfactory; $100 was to be paid at the time the letter was received, but it was not done, and the $100 payments were not made in thirty, sixty, and ninety days, and there was no tender of the money until the time the note was turned over to appellee's attorney for collection, when appellant offered his check for $100, with no promise or arrangement to pay the balance.

The agreement in respect to the extension of the note seems too general and is unenforceable.

■ An agreement for an extension must be for a definite time as to the whole obligation and not be left, any part thereof, to surmise and conjecture. It must mutually bind both parties; the creditor to forbear the collection of the whole debt for the stated time, and the debtor to continue to pay interest to such time. If by the terms of the agreement it should only bind the creditor to forbear, and allow the debtor to discharge the entire debt at any time and thereby stop the running of interest, the agreement is without consideration.

The alleged agreement shows no more than that the Bank expected a payment of $100 on the note at once, and a similar amount in thirty, sixty, and ninety days; and the letter expressly stated that, "We do not care to extend the old note."

■ We do not regard that appellant's check for $100 which appellee refused and returned amounted to any tender whatever. Besides, it was made after the institution of the suit.

If all the amounts named for the extension had been promptly paid, they would have aggregated $400, thus leaving approximately $325 still due and unpaid on the note, the payment of which had not been provided for. This court in the case of International Shoe Co. v. Kaufman, 270 S. W. 1109, 1110, after citing many authorities, including the Su-

preme Court cases of Austin Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430, and Wilkins v. Carter, 84 Tex. 438, 19 S. W. 997, held that an "extension for the time of payment must be for a definite duration or period of time, to become binding."

See Dickson v. Kilgore State Bank, 257 S. W. 867, in which the ·Commission of appeals held that:

"An agreement to extend the time of the payment of an overdue indebtedness to a time stated, but which permits the debtor to pay the obligation at any time within the extension period and so stop interest, is invalid for want of consideration."

The rule is stated in another way in the case of Ellerd v. Ferguson (Tex. Civ. App.) 218 S. W. 605, where the court held:

"The burden of proof is on the defendant to prove a consideration for an extension.
* * *

"If there be no outside consideration, a mutual agreement for an extension, in order to be valid, must bind each party,—the creditor to forbear collection of his debt for the stated time, and the debtor to continue to pay interest to such time; if, by the terms of such agreement, it would bind only the creditor to forbear, but allow the debtor to discharge the debt at any time, and stop running of interest, the agreement is without consideration."

To the same effect is the case of Kirby v. Bank (Tex. Civ. App.) 4 S.W.(2d) 205, affirmed by the Commission of Appeals, 18 S.W.(2d) 599, 600, 63 A. L. R. 1528.

In the case of Neyland v. Lanier (Tex. Civ. App.) 273 S. W. 1022, it is held:

"The only evidence with reference to an extension of the payment of the notes was by Flynn, who testified· that, after the notes became due, appellant agreed with him that·if he (Flynn) would pay $30 every two weeks, or every 30 days, he was not sure which, that the notes could run along without being paid in full; and Flynn further testified that he did, under said agreement, make three payments of $30 each. Under the old law, this was not a sufficient consideration for an extension of the time of payment. At the time the alleged agreement was made, the notes were past due, and the $30 per month would not pay the interest, much less reduce the principal, and there was no definite time to which the payment of the notes was extended, and no sufficient consideration for appellant having made the agreement. A partial payment on a note already due is not a sufficient consideration to constitute an extension of time of payment."

The bank had the right to place the past-due note in the hands of its attorney for collection and the anger of Mr. Odem can have nothing to do with the matter. That could not deprive the bank of any right it had or make the bank liable for any damages. This court is not concerned over any controversy or dispute between the appellant and Odem in respect to a private controversy in respect to Odem's private property, in which the Bank had no interest. It is a private and collateral matter.

 Clearly the liens acquired by the levy were not affected by any question as to whether such writ was lawfully issued. If it be ascertained or admitted that the suit was prematurely brought, the attachment proceedings would fall. As it was held that the suit was not prematurely brought, and that there was no valid extension agreement enforceable by appellant, it follows that the bank in establishing its debt was entitled to a foreclosure, and the falsity of the affidavit was no ground for quashing the writ and levy. The validity of a writ of attachment depends, not upon the truth of the facts stated in the affidavit, but upon the facts that are stated. The truth of the allegations in the affidavit for the writ cannot be controverted for the purpose of abating the writ. Oscar v. Sackville (Tex. Civ. App.) 270 S. W. 897.

 The suit for damages grows out of a levy upon real estate, and shows that the possession thereof was in no way disturbed. It was not shown that there was an immediate trade in contemplation, which could have been affected by the levy, and it was not shown that appellant was in any way affected or lost anything 'by the levy. It was of the ordinary kind, by an officer, who did not.take any possession, and there is no allegation that appellant's possession was interfered with by reason of the levy. Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564; Hoover v. Bank (Tex. Civ. App.) 192 S. W. 1149; Seal v. Holcomb, 48 Tex. Civ. App. 330, 107 S. W. 916.

 We do not think there is any fact stated that shows a right to recover for a libel, and the facts stated are not sufficient. It was not specifically alleged that the affidavit was published or told to others; and the name or names of the person or persons to whom same was told or published were not specifically alleged.

The action of the court in sustaining the special exceptions was proper. Linney v. Maton, 13 Tex. 449.

 The allegations in the petition and in the affidavits were privileged and cannot be made the basis of a law suit for libel. Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833.

According to his own admission, he was obligated to pay the bank $100 in cash, and a similar payment was to be made in thirty, sixty, and ninety days. Mr. Odem's letter for the bank, shown on page 13 of appellant's

brief and page 4 of the statement of facts, was written, admittedly, December 18, 1929, after the note had become due. The bank expressly declined to extend the note, but simply offered appellant an indulgence; and appellant waited until along in January, 1930, before tendering his check for $100. The trial was had and judgment rendered in the latter part of March, 1930. At that time at least two monthly installments of $100 each were due and payable, according to appellant's own testimony, yet the record fails to show that at any time, or during the trial, he offered to pay or tendered any of these partial payments.

We absolutely see no merit in this appeal but decline to assess damages therefor. Seeing no merit in appellant's assignments and propositions, they are all overruled, and the judgment is affirmed.